# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**In re:**

**RICHARD THOMAS SIKES,**

**BANKRUPTCY CASE NO.: 8:10-bk-05489-CPM**

    Debtor.

**CHAPTER 7**

_____/

**STEPHEN L. MEININGER, as Chapter 7 Trustee of the estate of RICHARD THOMAS SIKES,**

    Plaintiff,

v.

**ADVERSARY PROCEEDING NO.: _____**

**UNITED COLLECTION BUREAU, INC., an Ohio corporation,**

    Defendant.

_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES

**COMES NOW** Plaintiff, Stephen L. Meininger, the Chapter 7 Trustee of the bankruptcy estate of Richard Thomas Sikes, by and through the undersigned law firm, and sues Defendant, United Collection Bureau, Inc., an Ohio corporation, and alleges as follows:

### PRELIMINARY STATEMENT

1. On or about March 11, 2010 (the "Petition Date"), the Debtor, Richard Thomas Sikes, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in this Court.

2.      Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (the "FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

3.      The Court has jurisdiction and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the standing Order of Reference of the United States District Court, Middle District of Florida, referring all Bankruptcy matters to United States Bankruptcy Court, Middle District of Florida.

## PARTIES

4.      Plaintiff, Stephen L. Meininger ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Richard Thomas Sikes ("Sikes" or "Debtor"). Sikes is a natural person resident in the City of Port Richey, County of Pasco, State of Florida, and a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is a "person" under Fla. Stat. § 559.72.

5.      Defendant, United Collection Bureau, Inc., an Ohio corporation, together with its collecting agents, ("Defendant" or "UCB"), doing business in the State of Florida, is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), as well as a person under Fla. Stat. § 559.72.

6.      All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

7. At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtor.

## FACTUAL ALLEGATIONS

8. Defendant is an unscheduled creditor of Debtor and Defendant maintains that amounts are owed to the Defendant (the "Alleged Debt").

9. The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on April 15, 2010.

10. Defendant made collection calls between January 1 and March 10, 2010 (the "Collection Calls") to Debtor and Debtor's family attempting to collect the Alleged Debt.

11. It was the substance of the testimony of the Debtor, sworn and under oath at the 341 Hearing, that:

   a) Defendant made one Collection Call to Debtor's brother, mother and father each, telling each about the Alleged Debt and trying to collect the Alleged Debt.

   b) Defendant, knowing Debtor is career military and served in the Gulf War, made a Collection Call to Debtor stating that Debtor had an obligation and, "You [Debtor] are a disgrace to America," because Debtor could not pay bills.

12. Defendant (1) made multiple Collection Calls between January 1 and March 10, 2010 to Debtor and Debtor's family attempting to collect the Alleged Debt; (2) made one Collection Call to Debtor's brother, mother and father each, disclosing to each the Alleged Debt and revealing that Defendant was trying to collect the Alleged Debt; and (3) knowing Debtor is career military and served in the Gulf War, made a Collection Call to Debtor using abusive


language stating Debtor had an obligation and, "You [Debtor] are a disgrace to America," because Debtor could not pay bills.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq.* AS TO DEFENDANT UCB

13. This is an action against Defendant for violations of 15 U.S.C. § 1692 *et seq.*

14. Plaintiff re-alleges and reincorporates paragraphs 1 through 12, as if fully set forth here-in.

15. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Debtor.

16. The principal business of Defendant is the collection of debts and Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.

17. The Alleged Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

18. The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692a(2).

19. 15 U.S.C. § 1692b(2) states in pertinent part:

   Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall-

   (2) not state that such consumer owes any debt;

20. Defendant violated 15 U.S.C. § 1692b(2) when Defendant (1) made multiple Collection Calls between January 1 and March 10, 2010 to Debtor and Debtor's family attempting to collect the Alleged Debt; and (2) made one Collection Call to Debtor's brother, mother and father each, disclosing to each the Alleged Debt and revealing that Defendant was

trying to collect the Alleged Debt; all of which is a willful communication disclosing the existence of a debt owed by Debtor when acquiring Debtor's location information.

23. 15 U.S.C. § 1692c(b) states in pertinent part:

> (b) without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communication, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

24. Defendant violated 15 U.S.C. § 1692c(b) when Defendant (1) made multiple Collection Calls between January 1 and March 10, 2010 to Debtor and Debtor's family attempting to collect the Alleged Debt; (2) made one Collection Call to Debtor's brother, mother and father each, disclosing to each the Alleged Debt and revealing that Defendant was trying to collect the Alleged Debt; and (3) knowing Debtor is career military and served in the Gulf War, made a Collection Call to Debtor using abusive language stating Debtor had an obligation and, "You [Debtor] are a disgrace to America," because Debtor could not pay bills; all of which is a willful communication with a person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

25. 15 U.S.C. § 1692d states in pertinent parts:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. Defendant violated 15 U.S.C. § 1692d when Defendant (1) made multiple Collection Calls between January 1 and March 10, 2010 to Debtor and Debtor's family attempting to collect the Alleged Debt; (2) made one Collection Call to Debtor's brother, mother

and father each, disclosing to each the Alleged Debt and revealing that Defendant was trying to collect the Alleged Debt; and (3) knowing Debtor is career military and served in the Gulf War, made a Collection Call to Debtor using abusive language stating Debtor had an obligation and, "You [Debtor] are a disgrace to America," because Debtor could not pay bills; all of which is conduct the natural consequence of which is to harass, oppress, or abuse the Debtor and/or Debtor's family in connection with the collection of the Alleged Debt.

27.  15 U.S.C. § 1692d(2) states in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

28.  Defendant violated 15 U.S.C. 1692d(2) when Defendant(1) made multiple Collection Calls between January 1 and March 10, 2010 to Debtor and Debtor's family attempting to collect the Alleged Debt; (2) made one Collection Call to Debtor's brother, mother and father each, disclosing to each the Alleged Debt and revealing that Defendant was trying to collect the Alleged Debt; and (3) knowing Debtor is career military and served in the Gulf War, made a Collection Call to Debtor using abusive language stating Debtor had an obligation and, "You [Debtor] are a disgrace to America," because Debtor could not pay bills; all of which is obscene or profane language or language the natural consequence of which is to abuse the Debtor and/or Debtor's family.

29.  15 U.S.C. § 1692e states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. Defendant violated 15 U.S.C. § 1692e when Defendant (1) made multiple Collection Calls between January 1 and March 10, 2010 to Debtor and Debtor's family attempting to collect the Alleged Debt; (2) made one Collection Call to Debtor's brother, mother and father each, disclosing to each the Alleged Debt and revealing that Defendant was trying to collect the Alleged Debt; and (3) knowing Debtor is career military and served in the Gulf War, made a Collection Call to Debtor using abusive language stating Debtor had an obligation and, "You [Debtor] are a disgrace to America," because Debtor could not pay bills; all of which is the Defendant's use of false, deceptive, or misleading representations or means by representing that Defendant could attempt to collect the Alleged Debt by abuse and harassment and by unfair and deceptive practices in connection with the collection of the Alleged Debt.

31. 15 U.S.C. § 1692e(2)(A) states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt;

32. Defendant violated 15 U.S.C. § 1692e(2)(A) when Defendant (1) made multiple Collection Calls between January 1 and March 10, 2010 to Debtor and Debtor's family attempting to collect the Alleged Debt; (2) made one Collection Call to Debtor's brother, mother and father each, disclosing to each the Alleged Debt and revealing that Defendant was trying to collect the Alleged Debt; and (3) knowing Debtor is career military and served in the Gulf War, made a Collection Call to Debtor using abusive language stating Debtor had an obligation and, "You [Debtor] are a disgrace to America," because Debtor could not pay bills; all of which is the

Defendant using false representations of the character, amount, or legal status of the Alleged Debt as debt that could be collected by abuse and harassment and by unfair and deceptive practices.

33.    15 U.S.C. § 1692e(5) states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

34.    Defendant violated 15 U.S.C. § 1692e(5) when Defendant (1) made multiple Collection Calls between January 1 and March 10, 2010 to Debtor and Debtor's family attempting to collect the Alleged Debt; (2) made one Collection Call to Debtor's brother, mother and father each, disclosing to each the Alleged Debt and revealing that Defendant was trying to collect the Alleged Debt; and (3) knowing Debtor is career military and served in the Gulf War, made a Collection Call to Debtor using abusive language stating Debtor had an obligation and, "You [Debtor] are a disgrace to America," because Debtor could not pay bills; all of which is a threat by Defendant to Debtor and/or Debtor's family to take action to attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and by unfair and deceptive practices, which is an action that Defendant cannot legally take.

35.    15 U.S.C § 1692e(10) states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

36. Defendant violated 15 U.S.C. § 1692e(10) when Defendant (1) made multiple Collection Calls between January 1 and March 10, 2010 to Debtor and Debtor's family attempting to collect the Alleged Debt; (2) made one Collection Call to Debtor's brother, mother and father each, disclosing to each the Alleged Debt and revealing that Defendant was trying to collect the Alleged Debt; and (3) knowing Debtor is career military and served in the Gulf War, made a Collection Call to Debtor using abusive language stating Debtor had an obligation and, "You [Debtor] are a disgrace to America," because Debtor could not pay bills; all of which is the Defendant's use of false, deceptive, or misleading representations or means by representing that Defendant could attempt to collect the Alleged Debt by abuse and harassment and by unfair and deceptive practices in connection with the collection of the Alleged Debt.

37. 15 U.S.C. § 1692f states in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

38. Defendant violated 15 U.S.C. § 1692f when Defendant (1) made multiple Collection Calls between January 1 and March 10, 2010 to Debtor and Debtor's family attempting to collect the Alleged Debt; (2) made one Collection Call to Debtor's brother, mother and father each, disclosing to each the Alleged Debt and revealing that Defendant was trying to collect the Alleged Debt; and (3) knowing Debtor is career military and served in the Gulf War, made a Collection Call to Debtor using abusive language stating Debtor had an obligation and, "You [Debtor] are a disgrace to America," because Debtor could not pay bills; all of which is the Defendant's use of unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

39.     As a result of Defendant's violation of the FDCPA, Debtor has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

40.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, plus any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT UCB

41.     This is an action against Defendant for violations of Fla. Stat. § 559.55 *et seq*.

42.     Plaintiff realleges and incorporates paragraphs 1 through 12, as if fully set forth herein.

43.     The Alleged Debt alleged to be due and owed is a "consumer debt," as defined by Fla. Stat. § 559.55(1), in that some or all of the debt is an obligation allegedly incurred by Debtor for personal, family or household purposes.

44.     Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

45.     Defendant communicated certain information to Debtor through the Collection Calls, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

46.     Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

47.     Defendant violated Fla. Stat. § 559.72(7) when Defendant (1) made multiple Collection Calls between January 1 and March 10, 2010 to Debtor attempting to collect the Alleged Debt; (2) made one Collection Call to Debtor's brother, mother and father each, disclosing to each the Alleged Debt and revealing that Defendant was trying to collect the Alleged Debt; and (3) knowing Debtor is career military and served in the Gulf War, made a Collection Call to Debtor using abusive language stating Debtor had an obligation and, "You [Debtor] are a disgrace to America," because Debtor could not pay bills; all of which is a willful communication with the Debtor or Debtor's family with such frequency that Defendant could reasonably expect such communication to harass Debtor or Debtor's family, or which is a willful engagement by Defendant in other conduct which could reasonably be expected to abuse or harass Debtor or Debtor's family.

48.     Fla. Stat. § 559.72(8) provides, in pertinent part:

In collecting consumer debts, no person shall:

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

49.     Defendant violated Fla. Stat. § 559.72(8) when Defendant (1) made multiple Collection Calls between January 1 and March 10, 2010 to Debtor attempting to collect the Alleged Debt; and (2) knowing Debtor is career military and served in the Gulf War, made a Collection Call to Debtor using abusive language stating Debtor had an obligation and, "You [Debtor] are a disgrace to America," because Debtor could not pay bills; which is Defendant's use of profane, obscene, vulgar, or willfully abusive language in a communication with Debtor or Debtor's family.

50.     Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

51.     Defendant violated Fla. Stat. § 559.72(9) when Defendant (1) made multiple Collection Calls between January 1 and March 10, 2010 to Debtor attempting to collect the Alleged Debt; (2) made one Collection Call to Debtor's brother, mother and father each, disclosing to each the Alleged Debt and revealing that Defendant was trying to collect the Alleged Debt; and (3) knowing Debtor is career military and served in the Gulf War, made a Collection Call to Debtor using abusive language stating Debtor had an obligation and, "You [Debtor] are a disgrace to America," because Debtor could not pay bills; all of which is a claim, attempt, or threat to enforce the Alleged Debt when Defendant knows that the Alleged Debt is not legitimate or which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt by unfair and deceptive practices, which is a right Defendant knows does not exist, in violation of the FDCPA and FCCPA including Fla. Stat. § 559.72(9).

52. As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

53. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

54. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant finding that the Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

Dated:  December 6, 2010

        Respectfully Submitted,

        **LASH & WILCOX PL**
        4006 S. MacDill Avenue
        Tampa, Florida 33611
        Phone: 813.832.3100
        Facsimile: 813.832.5205

        _/s/ Thomas A. Lash
        **THOMAS A. LASH, ESQ.**
        Florida Bar No. 849944
        e-mail: tlash@lashandwilcox.com
        Attorney for the Trustee